Jovito González, Plaintiff and Appellant, *v.* Jovito Rodríguez, Defendant and Appellee.

No. 5444.   Argued November 27, 1931.—Decided January 28, 1932.

*Armando A. Miranda* for appellant.   *A. Rivera Colón* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This was a suit for filiation.   The District Court of Arecibo rendered the following opinion upon sustaining a demurrer:

"On September 28, 1929, Jovito González brought an action of filiation in the District Court of San Juan against Jovito Rodríguez, and averred that he was born in Morovis on the 3rd of March, 1903, while his mother, Ventura González, and his alleged father, Jovito Rodríguez, were living in public concubinage; that said Jovito Rodríguez considered him privately and publicly as his son, acting with regard to him as a father towards his son, and that such relations have at no time been interrupted since the birth of the complainant. The defendant demurred to the complaint on the ground of prescription. Pursuant to an order for a change of venue, this case has come before this court.

"The demurrer was heard on March 17, 1930, the parties appearing through their attorneys, and the case remained under advisement.

"The plaintiff was born, as he alleges under oath, on the 3rd of March, 1903, and therefore came of age on the 4th (sic) of March, 1924. In accordance with section 199 of the Civil Code in force at the date of his birth, an action of filiation only lasted two years after

he had come of age. The action, therefore, only could have been begun on or before the 3rd of March, 1926. The complaint was filed, as we have said, on the 28th of February, 1929, when the action had already prescribed. *Jesús* v. *Succession of Pérez Villamil,* 18 P.R.R. 392; *Orta* v. *Arzuaga,* 23 P.R.R. 241.

"The demurrer is sustained."

The appellee suggests that the case of *Ciuró* v. *Ciuró,* 31 P.R.R. 691, is also applicable.

We have little or nothing to add to the previous jurisprudence on the matter. It seems to us that the attempts of the appellant simply cover the same ground that was covered by the losing parties in the previous cases.

The judgment should be affirmed.

Mr. Justice Hutchison dissented.